

# THE ATTORNEY GENERAL

## OF TEXAS

GROVER SELLERS
~~XXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-7440

Re: Authority of Comptroller to
pay fees on criminal cases
which indictments were had
in 1935 but were disposed
of in 1946, and related ques-
tion.

Your request for an opinion has been received and carefully considered by this department. We quote from your request as follows:

"The Honorable C. C. Bond, District Clerk of Hays County, has filed a claim in this department in which the question of limitation has arisen. Back in the year 1935, Willis Newton was indicted for the offense of burglary, the case was properly docketed on the docket of the District Court of Hays County and was finally disposed of by being dismissed in 1946. One J. Y. Hayner wad indicted at the same time for the offense of forgery and passing. This case was regularly docketed in the District Court of Hays County, Texas, and was regularly disposed of by dismissal in 1946. The District Clerk fee has regularly accrued in these cases. The fee has not been paid by the State.

"Is the Comptroller at this time authorized to issue warrant in payment of the claim of the District Clerk of Hays County for fees in the above mentioned cases?

"* * * *

"Does Article 1027, C. C. P. apply to District
Court fees accruing to a District Clerk or does
Article 1027 apply only to examining trial fees?"

Article 1026, Vernon's Code of Criminal procedure,
Title 15, authorizes the district clerk to receive eight or
ten dollars according to the number of preceding presidential
votes cast in the county, whether three thousand or over or
less than three thousand, for each felony case finally dis-
posed of without trial or dismissed, or tried by jury, whether
the defendant be acquitted or convicted.

With reference to the above fee under Article 1026,
supra, this statute was construed in an opinion rendered
January 21, 1913, found in Volume 27, page 171, of approved
opinions of this department, written by the late Chief Justice
C. M. Cureton, who was then First Office Assistant to the
Attorney General, in which it was held that such fee was in
the nature of a trial fee and is payable to the clerk in
office at the time the case is tried. This construction of
the statute has been consistently followed and such fee is
not considered "earned" until the case is finally disposed
of either by trial or dismissal. The district clerk in
office at the time the case is disposed of makes the collec-
tion and reports the same in his fiscal report as earned
fees rather than his predecessor.

Article 1027, Vernon's Annotated Code of Criminal
Procedure, provides:

"In all cases where a defendant is indicted for
a felony but under the indictment he may be convicted
of a misdemeanor or a felony, and the punishment which
may be assessed is a fine, jail sentence or both such
fine and imprisonment in jail, the State shall pay no
fees to any officer, except where the defendant is in-
dicted for the offense of murder, until the case has
been finally disposed of in the trial court. Provided
the provisions of this Article shall not be construed
as affecting in any way the provisions of Article 1019,
Code of Criminal Procedure, as amended by Chapter 205,
General Laws, Regular Session, Forty-second Legislature;
provided this shall not apply to examining trial fees to
County Attorneys and/or Criminal District Attorneys."

The plain provisions of Article 1027, supra, reading "the State shall pay no fee to any officer", includes the district clerk. Similar language is to be found in Article 1019, Acts 1931. Therefore, our answer to your question is that the Comptroller at this time is authorized to issue warrants in payment of the claim of the district clerk because the limitation of one year applies to the time of dismissal (1946) rather than the time of filing of the case or the return of the indictment. (1935)

Article 1027, C. C. P., applies to district court fees accruing to a district clerk as he is an officer contemplated by said Article.

Trusting that the foregoing fully answers your inquiry, we beg to remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 21, 1946
/s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

By    /s/ Jno. C. Knorpp
Jno. C. Knorpp
Assistant

JCK:djm:mjs

APPROVED OPINION COMMITTEE
BY /s/ BWB CHAIRMAN